NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3472
_____

UNITED STATES OF AMERICA

v.

GREGORY L. DOUGLAS,

Appellant

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-09-cr-00364-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before:  BARRY, AMBRO, and VAN ANTWERPEN, Circuit Judges

(Opinion filed June 24, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

	In November 2009, Gregory Douglas was indicted for passing counterfeit United

States currency, in violation of 18 U.S.C. § 472.  In April 2010, he pled guilty pursuant to

a plea agreement in which the Government agreed to consider moving for a downward departure pursuant to § 5K1.1 of the United States Sentencing Guidelines in exchange for Douglas's cooperation. However, after Douglas made a statement about his involvement in the counterfeiting operation, the Government determined that his cooperation was of little value, and declined to move for a downward departure. At sentencing, Douglas moved for a variance based on the same cooperation, which the Court denied. He was sentenced to 33 months' imprisonment followed by three years of supervised release. Douglas appeals the denial of his motion. We now affirm.[1]

Douglas argues that the District Court erred by failing to take into account his cooperation during the sentencing hearing. We disagree. It is clear from the transcript of the sentencing hearing that the District Court was aware of its discretion to grant a variance. Douglas's attorney pointed this out to the Court several times, noting that it could consider Douglas's assistance even though the Government declined to make a motion for a downward departure. App. 127-129.[2] The prosecutor similarly recognized

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's sentencing decision for an abuse of discretion. *United States v. Cooper*, 437 F.3d 324, 328 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

[2] Specifically, Douglas's counsel stated that "the Court has the opportunity to make its own independent determination of what [Douglas] did do and what help did it – what help, if any, did it present to this particular case." App. 128. Counsel continued, "I just ask the Court reconsider that because it's not dispositive that the Government made [the] determination [not to move for a downward departure] now. Now that we're in this advisory guideline system, other courts have made it their own – have been able to make their own determinations under a different set of judgments as to whether a defendant can

the Court's discretion. *Id.* at 129.[3] Thus, although the Court ultimately declined to grant a variance in favor of Douglas, it was aware of its discretion to do so.

Moreover, the Court did not abuse its discretion in denying Douglas's motion. The Court rejected Douglas's variance argument, stating that "I don't think [Douglas's honesty was that much assistance to the Government, so we're not going to be able to make any adjustment for his assistance in this prosecution . . . ." App. 124. Additionally, it stated that it was concerned about the total number of Douglas's victims and his recidivism. Ultimately, it imposed a sentence of 33 months, at the low end of the Guidelines' range (33 to 41 months), which it noted was consistent with the sentence imposed on similarly situated defendants. This was not error.

\* \* \* \* \*

For these reasons, we affirm.

---

get a variance for cooperation . . . when he doesn't get a 5K1 motion specifically from the Government, and I'd ask the Court to reconsider that issue." *Id.* at 128-29.

[3] The prosecutor clarified as follows: "I didn't mean to suggest that because a 5K motion was not filed that the Court can't consider [Douglas's cooperation]. Certainly it can. The Government, in terms of the Court's 3553 analysis, would ask the Court to recognize that it does have the discretion to vary for that reason and many others but to exercise the discretion to not give a variance for that reason." App. 129.

3